UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TOMMLE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY HASLEY,<br><br>　　　　Defendant. | Case No. CV 15-9442-DDP (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Gregory Tommle Jones ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. Although not entirely clear, the Complaint appears to allege defendant Terry Hasley ("Defendant") subjected Plaintiff to excessive force, retaliation, and false imprisonment. The Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). As discussed below, the Court dismisses the Complaint with leave to amend.

///

///

## I.

## **BACKGROUND**

On November 28, 2015, Plaintiff, an inmate at Mule Creek State Prison, constructively filed[1] the instant civil rights Complaint pursuant to 42 U.S.C. § 1983. See Compl. at 51[2]. The Complaint spans over 200 pages. See Compl.; Compl. Part 1; Compl. Part 2; Compl. Part 3. The Complaint's caption does not name a plaintiff or defendant. Compl. at 1. The Complaint's body names Defendant in his individual capacity and alleges Defendant is a correctional officer at California State Prison, Los Angeles County ("CSP-LAC"). Id. at 4.

Plaintiff alleges he was an inmate at CSP-LAC on September 26, 2014. Id. at 6. Plaintiff claims he asked Defendant "a question about a bed move," Defendant responded, "I don't have to tell you shit bitch motherfucker fuck you," and Plaintiff replied, "fuck you[,] too." Id. at 6. Plaintiff alleges Defendant accused him of spitting and Defendant pepper sprayed his face, eyes, and nose "at close range about 1/2 feet in distance." Id. at 7-8. Plaintiff alleges Defendant subsequently ordered him to lie on the floor and pepper sprayed him again. Id. Plaintiff alleges pepper spray filled his lungs and impaired his vision, so he could not "see where to l[ie] down on the floor." Id. Plaintiff alleges he later "felt a sharp[] pain rush to [his] legs and went to [his] brain then [he] felt se[ver]al hard blows" to his legs. Id.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed and dated his complaint on November 28, 2015. See Dkt. 1, Compl., Compl. Part 1, Compl. Part 2, Compl. Part 3. Thus, the Court deems November 28, 2015 the filing date.

[2] The Court refers to the pages of the Complaint as if they were consecutively numbered.

Plaintiff alleges pain then forced him prone on the floor and Defendant began beating him with a baton. Id. at 8. In addition, Plaintiff alleges Defendant caused him to be handcuffed, escorted to administrative segregation, confined to a wheelchair for six days, and prescribed anti-psychotic medication. Id.

Plaintiff also alleges Defendant retaliated against him and falsely imprisoned him. Id. at 6, 10, 34. With respect to retaliation, Plaintiff alleges Defendant placed Plaintiff in administrative segregation "in order to justify his brutal action of excessive force on [Plaintiff] on 9/26/2014 and fabricat[ed] the Rule Violation (RVR) Report statement to cover up his actions and cons[pir]acy of code of silence of retaliation for filing a staff complaint for safety concern on [Defendant]." Id. at 6. Plaintiff further alleges "false imprisonment of fabricating and Rule Violation Report incident to cover up [Defendant's] true actions of excessive use of force on [Plaintiff]." Id. at 34.

Plaintiff seeks damages of one million dollars. Id. at 10.

## II.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has held "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.

Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

# III.

# DISCUSSION

**A. PLAINTIFF FAILS TO IDENTIFY ANY DEFENDANT IN THE COMPLAINT'S CAPTION**

### 1. Applicable Law

Rule 10(a) of the Federal Rules of Civil Procedure requires each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

### 2. Analysis

Here, Plaintiff fails to identify any defendant in the Complaint's caption. Compl. at 1. Although Defendant appears in the Complaint's body, the Court is unable to determine whether Plaintiff intended to name Defendant because no defendant is identified in the Complaint's caption. Id. at 4; see McHenry, 84 F.3d at 1178. The Complaint must therefore be dismissed. If Plaintiff decides to include Defendant in an amended complaint, he must specifically identify Defendant in the caption and identify in what capacity he is being sued.

**B. PLAINTIFF FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

### 1. Applicable Law

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix,

replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. McHenry, 84 F.3d at 1177; see Little v. Baca, No. CV 13-0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013) (stating pleadings that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal"); see also Clayburn v. Schirmer, No. CIV S-06-2182 ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

**2. Analysis**

Here, the Court struggles to understand Plaintiff's claims. The Complaint contains over 200 pages of various medical records, long administrative reports, and confusing notes. See Compl.; Compl. Part 1; Compl. Part 2; Compl. Part 3. For example, Plaintiff describes "reasons for liability" as follows: "On 12/9/2014 at CSP (LAC) California State Prison California State Correctional Health Care Services Encounter form: Inflammatory Skin Condition/Rashes or I/M Gregory Jones K-61232." Compl. Part 1 at 39. However, Plaintiff fails to allege the extent to which his skin condition relates to his excessive force claim, whether the skin condition suggests a different constitutional violation, and who Plaintiff sues for his skin condition. Such deficiencies hinder the Court from inferring what action or inaction Plaintiff contends violated his constitutional rights and who violated those rights.

Accordingly, the Complaint fails to give Defendant adequate notice of the legal claims asserted against him. See McHenry, 84 F.3d at 1176. The Complaint must therefore be dismissed. If Plaintiff decides to pursue his claims in an amended complaint, Plaintiff must separately state each of his claims, the legal basis for each

claim, and facts underlying each claim. Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

**C.   PLAINTIFF'S RETALIATION CLAIM FAILS**

   **1.   Applicable Law**

Allegations of retaliation against an inmate's First Amendment rights to speech or to petition the government may support a 42 U.S.C. § 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 562, 567-68 (9th Cir. 2005).

   **2.   Analysis**

Here, Plaintiff's retaliation claim fails. Plaintiff alleges Defendant placed Plaintiff in administrative segregation "in order to justify his brutal action of excessive force on [Plaintiff] on 9/26/2014 and fabricat[ed] the Rule Violation (RVR) Report statement to cover up his actions and cons[pir]acy of code of silence of retaliation for filing a staff complaint for safety concern on [Defendant]." Compl. at 6. These allegations fail to show whether Plaintiff engaged in protected conduct or Defendant took adverse action because Plaintiff engaged in protected conduct. Indeed, Plaintiff's allegations suggest Defendant placed Plaintiff in administrative segregation and fabricated a report to evade personal responsibility, not "because of" Plaintiff's protected conduct. See Rhodes, 408 F.3d at 567-68. Plaintiff's retaliation claim must therefore be dismissed.

///

## D. THE COURT DECLINES TO ADDRESS THE MERITS OF PLAINTIFF'S FALSE IMPRISONMENT CLAIM

Plaintiff also alleges false imprisonment under California law. The Court has original jurisdiction over Plaintiff's federal law claims and supplemental jurisdiction over Plaintiff's state law claim. See Gypsum Resources, LLC v. Masto, 671 F.3d 834, 836 (9th Cir. 2011). "Where a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011) (internal citation, alterations, and quotation marks omitted); see also 28 U.S.C. § 1367(c); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on declining supplemental jurisdiction should be without prejudice). Thus, because the Court has found Plaintiff's federal claims subject to dismissal, the Court declines to address the merits of Plaintiff's false imprisonment claim at this time.

## IV.
## LEAVE TO FILE FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED within twenty-one (21) days of the service date of this Order, Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the FAC, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety,

preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the FAC must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the FAC. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court cautions Plaintiff that failure to timely comply with this Order will result in dismissal of this action for failure to prosecute and comply with court orders.

DATED: December 18, 2015

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE