UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREGORY TOMMLE JONES,               )   Case No. CV 15-9442-DDP (KK)
                                    )
                    Plaintiff,      )
                                    )   ORDER DISMISSING FIRST
        v.                          )   AMENDED COMPLAINT WITH
                                    )   LEAVE TO AMEND
                                    )
TERRY HASLEY,                       )
                                    )
                    Defendant.      )
_____     )

## I.

## INTRODUCTION

Plaintiff Gregory Tommle Jones ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983").  Plaintiff alleges defendant Terry Hasley ("Defendant") subjected Plaintiff to excessive force, retaliation, conspiracy, and wrongful placement in administrative segregation.  After screening pursuant to Title 28 of the United States Code, section 1915(e)(2), the Court dismisses the FAC with leave to amend.

## II.

## BACKGROUND

**A.   ORIGINAL COMPLAINT**

On November 28, 2015, Plaintiff, an inmate at Mule Creek State Prison, constructively filed[1] his original civil rights complaint ("Complaint") pursuant to Section 1983.  See Dkt. 1 at 51[2].  Plaintiff appeared to allege Defendant, a correctional officer at Mule Creek State Prison, subjected Plaintiff to excessive force, retaliation, and false imprisonment.  Id. at 6-10, 34.  On December 18, 2015, the Court dismissed the Complaint with leave to amend because: (1) Plaintiff failed to identify any defendant in the Complaint's caption; (2) Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure; (3) Plaintiff failed to allege facts sufficient for a First Amendment retaliation claim; and (4) the Court declined to address the merits of Plaintiff's state false imprisonment claim.  Dkt. 7, Order Dismissing Compl. Leave Am. at 5-8.

**B.   FIRST AMENDED COMPLAINT**

On January 8, 2016, Plaintiff constructively filed the instant FAC.  See Dkt. 12, FAC.  Plaintiff claims Defendant subjected Plaintiff to excessive force, retaliation, conspiracy, and wrongful placement in administrative segregation.  See

---

[1]      Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").  Here, Plaintiff signed and dated his complaint on November 28, 2015.  See Dkt. 1, Compl., Compl. Part 1, Compl. Part 2, Compl. Part 3.  Thus, the Court deems November 28, 2015 the filing date.

[2]      The Court refers to the pages of the Complaint as if they were numbered consecutively.

2

1    id. at 5[3].

2        According to the FAC, Plaintiff was placed in administrative segregation

3 from August 2, 2014 to August 16, 2014, because of a "safety concern." Id. at 7.

4 Plaintiff alleges Defendant harassed him from August 16, 2014 to September 26,

5 2014. Id. Plaintiff further alleges on September 26, 2014, he tried to have a "mild

6 conversation about a bed move" with Defendant, but Defendant grew "angry,"

7 "started using profanity," and pepper sprayed Plaintiff's face "without

8 provocation." Id. at 5. Plaintiff alleges Defendant then struck his lower legs with a

9 "monadock baton at least 1-10 times" and screamed, "Get the fuck down

10 motherfucker." Id. Plaintiff alleges he subsequently heard an alarm sound and

11 "tr[ie]d to lay down on the floor but couldn't" because he felt disoriented,"extreme

12 sharp [p]ain in [his] lower legs," and pepper spray in his "lungs, eyes, and nose,"

13 which prevented him from breathing. Id. at 6, 8. Plaintiff also alleges Defendant

14 "brutal[l]y" hit his lower legs "at least 4 to 6 more times." Id. at 6.

15        After being beaten, Plaintiff alleges correctional officers handcuffed him and

16 escorted him to a medical clinic. Id. At the medical clinic, Plaintiff alleges a nurse

17 gave him ice "to reduce swelling," a correctional officer placed him in a wheelchair,

18 and the correctional officer took him to a program office. Id. at 6-7. In the program

19 office, Plaintiff alleges two prison officials interviewed him because he "mad[e] a

20 832.5 citizens excessive force complaint." Id. at 7. Plaintiff states the interview

21 was "taped" and "submitted into [an] evidence locker room." Id. When the

22 interview ended, Plaintiff alleges Defendant placed him in administrative

23 segregation "in order to justify the brutal beating with his monadock baton and

24 pepper spray and fabrications of the (RVR) Rule Violating Report statement on

25 9/26/14 to cover his true action." Id. In addition, Plaintiff alleges his

26

27 [3]       The Court refers to the pages of the FAC as if they were numbered

28 consecutively.

administrative segregation placement lacked "penological justification," his pain confined him to a wheelchair for six days, and he ingested "pain medication and anti-psychotic medication for mental distress." Id. at 5, 7, 9.

Plaintiff seeks the following relief: "the sum of value to be full paid of the amount of $1 million dollars within (30 days) of the full amount is paid declare all rights and party full disclosure of minutes." Id. at 10.

### III.

### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and must dismiss the case at any time if it concludes the action is frivolous or malicious, seeks monetary relief against a defendant who is immune from such relief, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In determining whether a complaint fails to state a claim for purposes of screening, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

4

1  face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal
2  quotation marks omitted).  A claim is facially plausible when it "allows the court to
3  draw the reasonable inference that the defendant is liable for the misconduct
4  alleged." <u>Id.</u> (citation and internal quotation marks omitted).  The complaint "must
5  contain sufficient allegations of underlying facts to give fair notice and to enable the
6  opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216
7  (9th Cir. 2011).

8  "A document filed <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint,
9  however inartfully pleaded, must be held to less stringent standards than formal
10 pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct.
11 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted);
12 <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008).

13 If the court finds a complaint should be dismissed for failure to state a claim,
14 the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>,
15 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it
16 appears possible the defects in the complaint could be corrected, especially if the
17 plaintiff is <u>pro se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103,
18 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a
19 complaint cannot be cured by amendment, the court may dismiss without leave to
20 amend.  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962,
21 972 (9th Cir. 2009).

22                                **IV.**
23                         **<u>DISCUSSION</u>**
24 **A.**      **THE FAC FAILS TO STATE A FIRST AMENDMENT**
25           **RETALIATION CLAIM.**
26      **(1)     Applicable Law**
27 Allegations of retaliation against an inmate's First Amendment rights to
28 speech or to petition the government may support a Section 1983 claim.  <u>See</u> <u>Pratt</u>

5

1  v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable
2  claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged
3  in protected conduct; (2) an assertion that a state actor took some adverse action
4  against the plaintiff; (3) the adverse action was "because of" the plaintiff's
5  protected conduct; (4) the adverse action "would chill or silence a person of
6  ordinary firmness from future First Amendment activities;" and (5) the action did
7  not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408
8  F.3d 559, 562, 567-68 (9th Cir. 2005).

9           **(2)    Analysis**

10         Here, Plaintiff's retaliation claim fails.  Plaintiff alleges he tried to have a
11  "mild conversation about a bed move" with Defendant, but Defendant reacted by
12  injuring Plaintiff.  Dkt. 12 at 6-9.  Plaintiff also alleges Defendant placed Plaintiff in
13  administrative segregation "in order to justify the brutal beating with his monadock
14  baton and pepper spray and fabrications of the (RVR) Rule Violating Report
15  statement on 9/26/14 to cover his true action."  Id. at 7.  These allegations fail to
16  demonstrate whether Plaintiff engaged in protected conduct or Defendant took
17  adverse action because Plaintiff engaged in protected conduct.  Indeed, Plaintiff's
18  allegations suggest Defendant placed Plaintiff in administrative segregation and
19  fabricated a report to evade personal responsibility, not "because of" Plaintiff's
20  protected conduct.  See Rhodes, 408 F.3d at 567-68.  Plaintiff's First Amendment
21  retaliation claim must therefore be dismissed.

22  **B.    THE FAC FAILS TO STATE A CONSPIRACY CLAIM.**

23          **(1)    Applicable Law**

24         A conspiracy claim brought under Section 1983 requires proof of "an
25  agreement or 'meeting of the minds' to violate constitutional rights," Franklin v.
26  Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v.
27  Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and an actual
28  deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.

1  2006).  "'To be liable, each participant in the conspiracy need not know the exact

2  details of the plan, but each participant must at least share the common objective of

3  the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865

4  F.2d at 1541).

5          **(2)    Analysis**

6          Here, Plaintiff's conspiracy claim fails.  Plaintiff makes the conclusory claim

7  Defendant subjected Plaintiff to a conspiracy.  See Dkt. 12 at 5.  However, Plaintiff

8  offers neither proof of "an agreement or 'meeting of the minds' to violate

9  constitutional rights," see Franklin, 312 F.3d at 441, nor an actual deprivation of

10  constitutional rights, see Hart, 450 F.3d at 1071.  In addition, Plaintiff fails to

11  identify each participant in the conspiracy and whether each participant at least

12  shared the common objective of the conspiracy.  See Franklin, 312 F.3d at 441.

13  Plaintiff's conspiracy claim must therefore be dismissed.

14  **C.    THE FAC FAILS TO STATE AN EIGHTH AMENDMENT**

15  **CONDITIONS OF CONFINEMENT CLAIM.**

16          **(1)    Applicable Law**

17          "To prevail on a 'conditions of confinement' claim, a plaintiff must show

18  serious deprivation and deliberate indifference."  May v. Baldwin, 109 F.3d 557,

19  565 (9th Cir. 1997).  In May, a plaintiff challenged his confinement in a disciplinary

20  segregation unit because "he was denied the opportunity to exercise outdoors for 21

21  days while in [the segregation unit], and . . . received inadequate food, water,

22  sanitation, and medical care."  Id.  May rejected the plaintiff's challenge,

23  concluding: (1) "a temporary denial of outdoor exercise with no medical effects is

24  not a substantial deprivation;" (2) the plaintiff "failed to allege facts establishing the

25  deprivation of adequate food, drinking water, sanitation, or personal hygiene

26  items;" and (3) the plaintiff showed "no evidence of deliberate indifference to [his]

27  medical needs."  Id.; see also Fitzgerald v. Procunier, 393 F. Supp. 335, 342 (N.D.

28  Cal. 1975) ("It is well settled that isolation, segregation or maximum security are

1   not per se violations of the proscription against cruel and unusual punishment").

2        **(2)**    **Analysis**

3        Here, Plaintiff's Eighth Amendment conditions of confinement claim fails.

4 As a preliminary matter, Plaintiff fails to state whether he challenges his

5 administrative segregation placement: (1) from August 2, 2014 to August 16, 2014

6 for "safety reasons"; (2) on September 26, 2014 following Defendant's alleged use

7 of excessive force; or (3) during another period.  <u>See</u> Dkt. 12.  Moreover, to the

8 extent Plaintiff asserts the wrongfulness of his administrative segregation placement

9 for any period, Plaintiff merely states his administrative segregation placement

10 lacked "penological justification," but fails to allege a serious deprivation or

11 deliberate indifference.  <u>See</u> <u>May</u>, 109 F.3d at 565.  Plaintiff's Eighth Amendment

12 conditions of confinement claim must therefore be dismissed.

13 **D.**    **THE FAC STATES AN EIGHTH AMENDMENT EXCESSIVE FORCE**

14      **CLAIM.**

15        **(1)**    **Applicable Law**

16        The "settled rule [is] that the unnecessary and wanton infliction of pain . . .

17 constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

18 <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)

19 (internal quotation marks omitted, ellipses in original).  "When prison officials use

20 excessive force against prisoners, they violate the inmates' Eighth Amendment right

21 to be free from cruel and unusual punishment."  <u>Clement v. Gomez</u>, 298 F.3d 898,

22 903 (9th Cir. 2002) (footnote omitted).  The relevant inquiry for determining

23 whether prison officials accused of using excessive physical force inflicted

24 unnecessary and wanton pain is whether force was applied in a good faith effort to

25 maintain or restore discipline, or, instead, was applied maliciously and sadistically

26 for the very purpose of causing harm.  <u>Hudson</u>, 503 U.S. at 6 (internal quotation

27 marks omitted).

28        **(2)**    **Analysis**

1       Here, Plaintiff sufficiently alleges an Eighth Amendment excessive force
2   claim against Defendant.  <u>See</u> <u>Hudson</u>, 503 U.S. at 6.  Plaintiff's Eighth
3   Amendment excessive force claim against Defendant may therefore proceed.

<b>V.</b>

<b><u>LEAVE TO FILE SECOND AMENDED COMPLAINT</u></b>

6       For the foregoing reasons, the FAC is subject to dismissal.  However, as the
7   Court is unable to determine whether amendment would be futile, leave to amend is
8   granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995).

9       Accordingly, IT IS ORDERED, Plaintiff must take action according to one of
10  the following options by **February 10, 2016**:

11  **1.  PLAINTIFF MAY FILE A SECOND AMENDED COMPLAINT TO**
12  **ATTEMPT TO CURE THE DEFICIENCIES DISCUSSED ABOVE.**

13      If Plaintiff chooses to file a Second Amended Complaint ("SAC"), Plaintiff
14  must clearly designate on the face of the document that it is the "Second Amended
15  Complaint," it must bear the docket number assigned to this case, and it must be
16  retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff
17  shall not include new defendants or new allegations that are not reasonably related
18  to the claims asserted in the Complaint.  In addition, the SAC must be complete
19  without reference to the Complaint, FAC, or any other pleading, attachment, or
20  document.  **The Clerk of Court is directed to mail Plaintiff a Central District**
21  **civil rights complaint form to use for filing the SAC, which the Court**
22  **encourages Plaintiff to use.**

23      An amended complaint supersedes the preceding complaint.  <u>Ferdik v.</u>
24  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will
25  treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants Plaintiff
26  leave to amend as to all his claims raised here, any claim raised in a preceding
27  complaint is waived if it is not raised again in the SAC.  <u>Lacey v. Maricopa Cnty.</u>,
28  693 F.3d 896, 928 (9th Cir. 2012).

9

1    Because this will be Plaintiff's second opportunity to amend his complaint to
2 rectify pleading deficiencies, the Court advises Plaintiff that it generally will not be
3 well-disposed toward another dismissal with leave to amend if Plaintiff files a SAC
4 that continues to include claims on which relief cannot be granted.  "[A] district
5 court's discretion over amendments is especially broad 'where the court has already
6 given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v.
7 County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted);
8 see also Ferdik, 963 F.2d at 1261.  E.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th
9 Cir. 1994) ("Kaplan has already amended the complaint twice . . . ."); Zavala v.
10 Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was
11 proper because Zavala was given two prior opportunities to amend his complaint in
12 order to correct the deficiencies identified by the district court but failed to do so.");
13 Smith v. Solis, 331 F. App'x 482, 482-83 (9th Cir. 2009) ("The district court
14 properly dismissed the action with prejudice because Smith's second amended
15 complaint did not state a claim for deliberate indifference and Smith failed to
16 correct the defects.").  Thus, if Plaintiff files a SAC with claims on which relief
17 cannot be granted, the SAC will be dismissed without leave to amend and with
18 prejudice.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

**2.      ALTERNATIVELY, PLAINTIFF MAY REQUEST A VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF ALL OF HIS CLAIMS EXCEPT FOR HIS EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM.**

Plaintiff may voluntarily dismiss all of his claims without prejudice, except for his Eighth Amendment excessive force claim, pursuant to Federal Rule of Civil Procedure 41(a).  Fed. R. Civ. P. 41.  If Plaintiff chooses this option, this action will proceed only on his Eighth Amendment excessive force claim.  **The Clerk of Court is directed to mail Plaintiff a Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court warns Plaintiff failure to timely obey this Order will result in dismissal of this action for failure to prosecute and obey court orders.

Dated: JANUARY 20, 2016

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

11